Hon. Brian A Tsuchida

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| Brian Holm, et al., | CASE NO. 3:23-cv-05177-BAT |
|---|---|
| Plaintiffs, | |
| v. | ANSWER |
| Federal Bureau of Investigation, et al., | |
| Defendants. | |

Defendant Department of Justice[1] (DOJ) respectfully submits the following answer to the complaint filed on March 6, 2023, by Plaintiffs Brian Nordbjerg Holm and Kristin Chapin Holm in this Freedom of Information Act (FOIA) action, as follows:

**RESPONSES**

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted herein, it is denied.  Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents;

---

[1] The proper party to this action is the Department of Justice, of which the Federal Bureau of Investigation is a part.

ANSWER
3:23-cv-05177-BAT- 1

UNITED STATES ATTORNEY
700 S<small>TEWART</small> S<small>TREET</small>, S<small>UITE</small> 5220
S<small>EATTLE</small>, W<small>ASHINGTON</small> 98101
(206) 553-7970

however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

The first, unnumbered paragraph of the Complaint consists of Plaintiffs' characterization of this action, to which no response is required.

## I.    INTRODUCTION[2]

1. Defendant admits that Plaintiffs submitted FOIA requests to Defendant in May 2022 (FOIPA Request No. 1544339-000), in July 2022 (FOIPA Request No. 1553381-000), and August 2022 (FOIPA Request No. 1555217-000). Defendant respectfully refers the Court to the cited requests for a full and accurate statement of their contents.

2. Defendant admits that it has acknowledged the receipt of Plaintiffs' FOIA request, and that it has not finished processing records responsive to the request. The remainder of this paragraph consists of conclusions of law to which no response is required. To the extent a response is required, denied.

3. This paragraph contains Plaintiffs' characterization of the FOIA and conclusions of law, to which no response is required. Defendant respectfully refers the Court to the cited caselaw for a full and accurate statement of its contents.

4. Defendant admits that the original estimated timeframe for processing Plaintiffs' FOIA request was 67 months, which is due to the processing backlog as well as the complex nature of the media records at issue in this case, which take longer to process than paper records. The remainder of this paragraph contains Plaintiffs' characterization of the FOIA and conclusions of law, to which no response is required. Defendant respectfully refers the Court to the cited caselaw for a full and accurate statement of its contents.

5. This paragraph contains Plaintiffs' conclusions of law and request for relief, to which no

---

[2] For ease of reference, Defendant refers to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

ANSWER
3:23-cv-05177-BAT- 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## II.   PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Defendant denies that the FBI is an agency within the meaning of 5 U.S.C. § 552(f)(1), but admits that the FBI is a component of DOJ, which is subject to the requirements of the FOIA. The remainder of this paragraph consists of conclusions of law to which no response is required. To the extent a response is required, denied.

8. As to the first sentence in this paragraph, Defendant admits. The remainder of this paragraph consists of conclusions of law to which no response is required. To the extent a response is required, denied.

## III.   JURISDICTION

9. This paragraph consists of conclusions of law to which no response is required.

## IV.   VENUE

10. This paragraph consists of conclusions of law to which no response is required.

## V.   FACTS

11. Defendant admits that Plaintiffs submitted FOIA requests to Defendant in May 2022 (FOIPA Request No. 1544339-000), in July 2022 (FOIPA Request No. 1553381-000) and August 2022 (FOIPA Request No. 1555217-000). Defendant respectfully refers the Court to the cited requests for a full and accurate statement of its contents. The remainder of this paragraph consists of Plaintiffs' characterization of factual allegations unrelated to Plaintiffs' legal claims under FOIA, to which no response is required.

12. Defendant admits that it received three requests from Plaintiffs, all of which sought the same information. Plaintiffs were advised that the first two requests (FOIPA Request No. 1544339-000 and FOIPA Request No. 1553381-000) were closed because they did not contain

ANSWER
3:23-cv-05177-BAT- 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sufficient information to conduct an accurate search of the Central Records System or a privacy waiver to process the records. See May 2022 and July 2022 Acknowledgment letters. In response, Plaintiffs submitted the requested information in August 2022. Based on the additional information provided, by letter dated August 5, 2022, Defendant advised Plaintiffs that they had received the request and had assigned it FOIPA Request No. 1555217-000. Defendant respectfully refers the Court to the cited letters for a full and accurate statement of its contents.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Defendant admits that it has not finished processing records responsive to the Plaintiffs' request.

## VI.     CLAIMS FOR RELIEF

Violation of Freedom of Information Act (FOIA)

For Failure to Disclose Responsive Records

18. Defendant incorporates by reference its responses to all preceding paragraphs.

19. This paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

20. This paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

21. This paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

22. This paragraph contains Plaintiffs' conclusions of law and request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

23. This paragraph contains Plaintiffs' conclusions of law and request for relief, to which no

ANSWER
3:23-cv-05177-BAT- 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## VII. PRAYER FOR RELIEF

The remainder of the complaint contains Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

### DENIAL OF ANY CLAIM NOT ADMITTED

To the extent that any claim in Plaintiffs' Complaint is not specifically admitted herein, it is expressly denied. Fed. R. Civ. P. 8(b)(3).

### AFFIRMATIVE AND OTHER DEFENSES

Defendant alleges the following affirmative defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiffs.

### First Defense

Plaintiffs' Complaint fails to state a claim for which relief can be granted, as Defendant has not unlawfully withheld any records within the meaning of the FOIA, 5 U.S.C. § 522 or the Privacy Act, 5 U.S.C. § 522a.

### Second Defense

The information that Defendant has withheld, or will withhold, in response to Plaintiffs' FOIA requests may be exempt in whole or in part from public disclosure under FOIA, 5 U.S.C. § 552(b) or the Privacy Act, 5 U.S.C. § 522a.

ANSWER
3:23-cv-05177-BAT- 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Third Defense**

Defendant has exercised due diligence in processing Plaintiffs' FOIA request, and exceptional circumstances exist that necessitate additional time for Defendant to complete processing of the Plaintiffs' FOIA requests. See 5 U.S.C. § 552(a)(6)(C).

**Fourth Defense**

Plaintiffs are not entitled to compel production of records exempt from disclosure by one or more exemptions to the FOIA, 5 U.S.C. § 552.

**Fifth Defense**

Plaintiffs are not entitled to attorneys' fees and costs.

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

DATED April 10, 2023.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

s/ Annalisa L. Cravens
ANNALISA L. CRAVENS, TX Bar #24092298
Assistant United States Attorney
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: 206-553-7970
Fax: 206-553-4067
E-mail: annalisa.cravens@usdoj.gov

ANSWER
3:23-cv-05177-BAT- 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970